# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILFREDO MELENDEZ, | : | |
| Plaintiff | : | |
| | : | No. 1:16-CV-02354 |
| vs. | : | |
| | : | (Judge Rambo) |
| JACK SOMMERS, et. al., | : | |
| Defendants | : | |

## MEMORANDUM

## Background

Plaintiff, Wilfredo Melendez, a pro se litigant, filed this civil rights action pursuant to 42 U.S.C. § 1983 against eight employees of the State Correctional Institution at Waymart, Pennsylvania ("SCI-Waymart"), on November 23, 2016. (Doc. No. 1.) Plaintiff is currently confined at the SCI-Greene, in Waynesburg, Pennsylvania. Plaintiff claims, inter alia, that Defendants violated his right under the Eighth Amendment when he was assaulted by several of the Defendants. (Id.)

Defendants filed a partial motion to dismiss the complaint, seeking to have Count V dismissed for failure to state a claim, Count III against Defendant Hendrix dismissed, and Counts VI and VII dismissed as barred by statutory sovereign immunity under Pennsylvania law. (Doc. No. 19.) On May 10, 2017, this Court Ordered Plaintiff to file an oppositional brief to the partial motion to dismiss by June 2, 2017, or the motion would be deemed unopposed and granted without a

1

merits analysis. (Doc. No. 20.) To date, Plaintiff has failed to file a brief in opposition or to comply with this Court's May 10, 2017, Order.

**Discussion**

Generally, a dispositive motion may not be granted merely because it is unopposed. Because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," <u>Anchorage Assoc. v. V.I. Bd. of Tax Review</u>, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The United States Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6[1] can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the [R]ule after a specific direction to comply from the court." <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (1991). Furthermore, failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which, in pertinent part, provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

---

[1] Local Rule of Civil Procedure 7.6 requires that a party opposing any motion, "shall file a brief in opposition within fourteen (14) days after service of the movant's brief…A party who fails to comply with this rule shall be deemed not to oppose such motion." Local Rule 7.6.

The granting of an unopposed motion to dismiss is within the discretion of the court. When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b). See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse, 951 F.2d at 30 (holding that failure of a plaintiff to comply with a court's specific direction to comply with a local rule requiring the filing of an opposing brief warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

Here, Plaintiff was advised of the requirements of Local Rule 7.6 and was directed to comply with Rule 7.6 in this Court's May 10, 2017 Order. The Court directed Plaintiff to file an oppositional brief and further warned Plaintiff of the consequences of failing to timely file his oppositional brief. To date, Plaintiff has not filed an oppositional brief. Accordingly, Defendants partial motion to dismiss Count V, Count III against Defendant Hendrix, and Counts VI and VII, is deemed unopposed and granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure both for failure to prosecute and failure to comply with a Court Order. See Stackhouse, 951 F.2d at 30.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: August 8, 2017