IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILFREDO MELENDEZ, | : | |
| Plaintiff | : | |
| | : | No. 1:16-cv-02354 |
| v. | : | |
| | : | (Judge Rambo) |
| JACK SOMMERS, et al., | : | |
| Defendants | : | |

# MEMORANDUM

## I. BACKGROUND

Plaintiff, Wilfredo Melendez, a pro se litigant, filed this civil rights action pursuant to 42 U.S.C. § 1983 against eight employees of the State Correctional Institution at Waymart, Pennsylvania ("SCI-Waymart"), on November 23, 2016. (Doc. No. 1.) At the time of filing the complaint Plaintiff was incarcerated at SCI-Greene. (Id.) After service of the complaint, Defendants filed a partial motion to dismiss (Doc. No. 17.) On August 8, 2017, the Court granted Defendants' partial motion to dismiss the complaint and Ordered Defendants to file an answer to the remaining allegations of the complaint. (Doc. No. 27.) Defendants filed their answer and affirmative defenses to the complaint on August 28, 2017. (Doc. No. 28.) Plaintiff filed a "response in opposition" to Defendants' answer on October 23, 2017. (Doc. No. 31.) This was the last communication that the Court received from Plaintiff in this matter.

1

On April 23, 2018, the Court granted Defendants' motion for an extension of time to complete discovery and to file dispositive motions. (Doc. No. 34.) On April 24, 2018, the Court also granted Defendants' motion to take Plaintiff's deposition. (Doc. No. 36.) On May 2, 2018, the Court received and docketed returned mail from SCI-Greene indicating that it was returned as "Refused," ostensibly because Plaintiff's sentence was completed on February 20, 2018. (Doc. Nos. 37, 38.) On May 4, 2018, Defendants filed a motion to dismiss this action for lack of prosecution. (Doc. No. 39.) In their brief in support, Defendants attach an envelope with a notation that Plaintiff's sentence was completed on February 20, 2018. (Doc. No. 40.)

Plaintiff's failure to provide the Court with an updated address indicates that he may have lost interest in prosecuting this lawsuit. For instance, Plaintiff has failed to adhere to the Court's November 23 and December 28, 2016 Orders, which placed an affirmative obligation on Plaintiff to keep the Court informed of his current address. (Doc. Nos. 5 at 4 and 9 at 5.) The Orders cautioned that his failure to do so would result in the dismissal of his action for failure to prosecute if the Court and/or parties are unable to serve pleadings, orders, or otherwise communicate with him. (Id.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to comply with the November 23 and December 28, 2016 Orders of this Court by failing to keep the Court and Defendants apprised of his current address. When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Plaintiff's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Plaintiff was specifically warned that his failure to keep the Court apprised of his current address would result in the dismissal of this action. (Doc. Nos. 4, 5, 9.) The last communication that the Court received from Plaintiff was on October 23, 2017. (Doc. No. 31.) Mail returned to both the Court and Defendants reveal that Plaintiff is no longer incarcerated at SCI-Greene, as his sentence was completed on February 20, 2018. (Doc. Nos. 37, 38, 39.) To date, Plaintiff has not complied with the Court Orders directing him to provide the Court with an updated address. This factor therefore weighs in favor of dismissal.

As to the second factor, the prejudice to the adversary, Plaintiff's failure to litigate this case or to comply with Court orders now wholly frustrates and delays the resolution of this action. Defendants are unable to depose Plaintiff because Plaintiff's whereabouts are unknown. In such instances, the Defendants are plainly prejudiced by Plaintiff's continual inaction, and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal).

Examining the third factor, a history of dilatoriness, it is clear from the procedural background of this case that Plaintiff has not communicated with the Court since filing a "response in opposition" to Defendants' answer to his complaint (Doc. No. 31), on October 23, 2017. Moreover, Plaintiff has not provided the Court with an updated address. A pro se plaintiff has the affirmative obligation to keep the Court informed of his address. See (Doc. Nos. 4, 5, 9.) Plaintiff's failure to provide the Court with an updated address even after the Court's previous orders cautioned him that his case would be dismissed should he not comply indicates an intent not to continue with this litigation. See Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). Accordingly, this factor also weighs in favor of dismissal.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. Plaintiff's failure to abide by the Court's Orders "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010).

An examination of the fifth factor, effectiveness of sanctions other than dismissal, reveals that no other sanction is a viable alternative because the Court is

unable to communicate with the Plaintiff.  See Jauquee v. Pike Cty. Corr. Fac. Employees, No. 12-cv-1233, 2013 WL 432611, at *1 (M.D. Pa. Feb. 1, 2013); see also Pozoic, 2012 WL 114127, at *4; Purveegiin v. Gonzalez, Civ. No. 07-1020, 2009 U.S. Dist. LEXIS 34550, at *4 (M.D. Pa. Apr. 23, 2009).  Additionally, confronted by a pro se litigant who will not comply with the rules or court orders, the Court finds that lesser sanctions may not be an effective alternative.  See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).

Regarding the sixth factor, the meritoriousness of the claim, the Court finds that consideration of this factor could not save Plaintiff's claims, since he is now wholly non-compliant with his obligations as a litigant, i.e., he has disregarded this Court's three Orders cautioning him of his obligation to keep the Court apprised of his current address and the consequences of his failure to do so.  (Doc. Nos. 4, 5, 9.)  Furthermore, it is well-settled that "'no single Poulis factor is dispositive,' . . . [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'"  Briscoe, 538 F.3d at 263.

Upon balancing the Poulis factors, it is clear that the majority of the six factors weigh heavily in favor of Defendants and dismissal of the action for failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss for lack of prosecution (Doc. No. 39), and dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 8, 2018